UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **JOHNATHAN G. BERNARD,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:12-CV-00015 HEA |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*, and his application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff was 46 years old at the time of the hearing. He completed 11th

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

grade in high school and does not have a GED. The ALJ found Plaintiff had the severe impairments of: lumbar degenerative disc disease, status post fracture of the distal phalanx right second through fifth toes, and obesity. At the hearing in Hannibal, Missouri, on May 5, 2011, Plaintiff testified that he lives with his wife, father and step-mother in a house. Plaintiff also testified he is approximately five foot, nine inches tall and weighs approximately 260 pounds. had a defibrillator installed on 11/16/06. He was also admitted to the hospital in 2007. Plaintiff testified that he has no formal vocational training and the last day he worked was June 5, 2009. He testified that as of that date he was a driver/laborer for a concrete company. Plaintiff testified he stopped working due to an injury on the job. Plaintiff further testified that his previous employment included work as a guard, over the road truck driver, and building maintenance.

On a typical day, Plaintiff testified that he awakens around 5:30 a.m., takes medication and sits at the kitchen table for while. He then retires to the recliner or couch and props his foot up. He notes that after approximately 30 minutes he has to change positions because his back and hips begin to ache. Plaintiff then returns to bed for a couple of hours, wakes up and then has lunch. After lunch he returns to the recliner for about 25 minutes. After that he testified he goes back to the bed for up to two hours. The cycle with the couch and bed continue until dinner and a shower around 6:30 or so.

There was testimony from Plaintiff that he experiences sharp, burning, aching and throbbing sensation pain in the lower back. This pain is present all the time. He also experiences deep, aching throbbing pain in the hips as well as strong burning, throbbing and stinging pain in the injured foot.

The vocational expert classified Plaintiff's past work as medium and semi-skilled work.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* were denied, and Plaintiff sought a hearing by an Administrative Law Judge. On July 19, 2011, the ALJ issued an unfavorable decision. On January 10, 2012 the Appeals Council denied Plaintiff's request for review of the ALJ's decision. As such, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since June 5, 2009, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, status post fracture of the distal phalanx right second through fifth toes, and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of light work. At Step Four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as a concrete truck driver, guard, truck driver, or building maintenance. At Step Five, the ALJ determined that, considering Plaintiff's age, education, work experience, and the RFC, there exists jobs in significant numbers in the national economy that Plaintiff

can perform. The ALJ concluded that Plaintiff had not been under a disability from June 5, 2009 through the date of the hearing and decision as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL"s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) The ALJ failed to make a function-by-function assessment of Plaintiff's residual functional capacity in finding Plaintiff could perform light work; (2) The ALJ erred by failing to find Plaintiff's complex regional pain syndrome was a "severe" impairment affecting his ability to work; (3) The ALJ decision is not supported by substantial evidence in light of additional evidence submitted to the appeals council.

Plaintiff argues that the ALJ failed to fully evaluate the RFC by not having specific details of his residual functional capacity. In his decision, the ALJ correctly found that Plaintiff could perform work as defined in 20 C. F. R. §§ 404.1567 (b) and 416. 967 (b) (Tr. 19). Clearly this meant that he could not lift no more than 20 pounds at a time while frequently lifting or carrying objects

weighing up to 10 pounds. He couldn't do past relevant work as all of his past relevant work was medium exertional (Tr. 26), and beyond the limits of his RFC.

Although Plaintiff argues that the ALJ did not properly perform a function-by-function assessment of Plaintiff's RFC, the ALJ considered the medical evidence, observations of doctors, and Plaintiff's own description of his conditions upon determining Plaintiff's RFC. *See Lauer*, 245 F.3d at 703. The AlJ set forth the RFC as defined within the reference to 20 C. F. R. §§ 404.1567, 416.967 (Tr. 19). He then conducted a detailed analysis of the record here describing why plaintiff could perform light work. This included a review of the medical evidence (Tr. 21), Plaintiff's testimony (Tr. 20-21), statements of medical resources (Tr.24), clinical findings (Tr. 21-25), the daily activities of Plaintiff (Tr. 24-25), and all other evidence submitted. As in *Garrison v Astrue*, No.4:11cv1503 FRB, 2012 WL 4336202 (E. D. Mo. Sept. 21, 2012), the ALJ has conducted the required function-by-function assessment relating to Plaintiff's RFC.

Secondly, he argues the ALJ erred by failing to utilize SSR 03-2p and find Plaintiff's complex regional pain syndrome was a "severe" impairment affecting his ability to work. The AlJ found aspects of severe impairment. As noted previously, they are: degenerative disc disease, status post fracture of the distal phalanx right second through fifth toes, and obesity. All of these found

impairments are consistent with those Plaintiff noted as the cause of his disability when he filed his application. Nowhere does Plaintiff allege, assert, or otherwise reference complex regional pain syndrome until now.

Nonetheless, and consistent with careful review of the evidence, the ALJ did note that Dr. Thomas R. Turnbaugh stated "the tenderness on top of the more proximal portion of [the] toes may well present a reflex sympathetic dystrophy" (Tr. 23,322). The ALJ also noted Dr. Garth S. Russell said Plaintiff had complex regional pain syndrome and chronic lubsacral strain. This opinion was inconsistent with the opinions of treating physicians John O. Krause and Donald deGrange who both noted Plaintiff could return to work without restrictions. ( Tr. 24,194, 293, 562). The record is replete with inconsistencies regarding the syndrom and its impact on Plaintiff or whether it medically exists in this Plaintiff. In any event the evidence demonstrated it was in no way disabling. The AlJ based his finding on substantial evidence in the record and the applicable law.

Lastly Plaintiff asserts the ALJ decision is not supported by substantial evidence in light of additional evidence submitted to the appeals council. This argument is buttressed upon the submission of opinion statements of Dr. Eli R. Shuter and Dr. Russell. The statements and opinions provided by these two physicians could not, and indeed did not, change the decision of the ALJ. Dr.

Shuter's opinion is contrary to the evidence of the record as a whole and the statement of Dr. Russell is merely a restatement of his previous position (Tr. 566-71).

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of January, 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**